THE QUEEN CITY SAVINGS & LOAN CO., APPELLEE, *v.* STIENS ET AL., APPELLEES; YOUNG, APPELLANT.

(Decided February 5, 1940.)

*Mr. William R. Collins* and *Mr. Simon L. Leis,* for appellee, The Queen City Savings & Loan Company.
*Mr. George J. Slaline,* for appellant.

MATTHEWS, J. This appeal on questions of law brings under review the action of the Common Pleas Court in recalling and canceling an execution in a foreclosure action. There is also brought under review a finding that the order under which the execution was issued was unenforceable after the expiration of two years from the date of the confirmation of the sale of the mortgaged premises.

The plaintiff filed its action on January 18, 1934, to foreclose its mortgage upon a dwelling for not more than two families, which was occupied by Alphonse Stiens and Bertha Stiens as their homestead.

The defendant George Young was the holder of a second mortgage upon this homestead to secure the payment of a balance of $1,562.

On March 8, 1935, the court made this order on the cross-petition of George Young:

"This cause coming on this day to be heard on the petition the return of the summons, the pleadings and papers filed herein and the evidence and having been fully advised in the premises the court finds that all the defendants Alphonse Stiens and Bertha Stiens have been served legally with the summons and notice of the pendency of the cross-petition filed by George Young and that the said Alphonse Stiens and Bertha Stiens are in default for answer and demurrer and are hereby declared in default to said cross-petition.

"The court further finds that the defendants Alphonse Stiens and Bertha Stiens did execute on the 30th day of December 1929 a certain note for the sum of $2,500, and that there has been paid on account of said note the sum of $1,100, leaving a balance due

of $1,400, and that they executed their certain mortgage deed for the premises set out and described in said petition, and that the mortgage contained the conditions as alleged in said cross-petition of the defendant George Young, and that the said mortgage was left for record with the recorder of Hamilton county, Ohio on the 8th day of January, 1930 and was duly recorded in mortgage book 1508 page 17 of the mortgage records and that by reason therof the defendant George Young has a second mortgage on said premises.

"It is therefore ordered and adjudged and decreed by the court unless the defendant Alphonse Stiens and Bertha Stiens pay or cause to be paid within 10 days of the entry of this decree to the defendant George Young the sum of $1,562, the equity of redemption of the defendants Alphonse Stiens and Bertha Stiens be foreclosed and said premises sold and that on an order for sale directing the sheriff of Hamilton county, Ohio, directing him to appraise, advertise in the Cincinnati court index and sell said real estate described in the plaintiff's petition according to law and to make return of his proceedings to this court for further orders, and upon the sale of the premises and the payment of the first mortgage and the proceeds being insufficient to pay the second mortgage the said George Young shall have a deficiency judgment for the balance due to him."

The decree of confirmation of the sale and distribution of the proceeds was entered on June 25, 1935. The proceeds were insufficient to pay the first mortgage and the plaintiff incorporated in this decree a personal judgment in its favor for the deficiency, but no mention was made of the unpaid debt due George Young.

On August 23, 1939, execution was issued against Bertha Stiens in favor of George Young and a levy made upon real estate belonging to her. It is this execution that the court ordered recalled. We set forth this order:

"This cause coming on to be heard upon the motion of Alphonse Stiens and Bertha Stiens to recall the execution issued by George Young against Alphonse Stiens and Bertha Stiens, on August 23, 1939, and for the cancellation of the same for the reason that the judgment in this cause is unenforceable and barred by the provisions of Section 11663-1, General Code, was submitted to the court.

"Upon consideration whereof the court finds that on March 8, 1935, George Young recovered a judgment against Alphonse Stiens and Bertha Stiens upon an indebtedness which was secured or evidenced by a second mortgage on real property upon which there had been located a dwelling of not more than two families, which had been used in whole or in part, as a home for said Alphonse Stiens and Bertha Stiens, and which was then their homestead, and that by the sale of said premises by order of court, and the confirmation of said judicial sale on June 25, 1935, a deficiency remained due thereon, and that said George Young made no effort to realize upon said judgment until August 23, 1939, when said execution was issued.

"Upon consideration of the foregoing, the court grants said motion.

"It is therefore, ordered by the court, that the execution issued out of this court in this cause by George Young against Alphonse Stiens and Bertha Stiens, be and the same is hereby recalled and cancelled, and said judgment is hereby held to be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of the sale in this cause, to wit: June 25, 1935, to all of which, and each item thereof, the said George Young excepts."

It will be observed that the court recited that a judgment had been previously rendered and ordered the execution recalled for the reason that this judgment had become unenforceable because of the expiration

of two years after the confirmation of sale of the mortgaged premises.

We are told that this result was reached by the application of Section 11663-1, General Code, as amended, effective August 15, 1939 (118 Ohio Laws, —). We do not find it necessary to determine the constitutionality or applicability of this statute, because of our conclusion that no personal judgment had been rendered on the cross-petition of George Young. Assuming its constitutionality, it manifestly would be entirely irrelevant when no judgment had been rendered.

It has been assumed by counsel that the order of the trial court upon the cross-petition of the defendant, George Young, is a judgment, and it is so described by the trial court in the journal entry here under review. Nevertheless, we are forced to determine whether it is, as a matter of law, a judgment, because, if it is not, of course, no execution should have been issued under any circumstances.

It will be observed that the court found the amount due to George Young, and also recited that ''upon the sale of the premises and the payment of the first mortgage and the proceeds being insufficient to pay the second mortgage the said George Young shall have a deficiency judgment for the balance due to him.''

We think it plain that no execution could have been issued immediately on this order. Certainly, no execution could have issued prior to June 25, 1935, when the entire proceeds of the sale were distributed in payment of the first mortgage. Would that fact transform an order which was not a judgment into a judgment?

In *Doyle* v. *West*, 60 Ohio St., 438, 54 N. E., 469, the court, speaking of an order similar to this, said, at page 444:

''It is not, as we shall see, a judgment with any of its incidents, but is a debt evidenced by record, and can only be discharged by payment. It does not become

dormant in the sense that a judgment does (*Moore* v. *Ogden*, 35 Ohio St., 430) for it is at no time active in the sense that an execution can be issued upon it, unless so ordered; and it does not become a lien upon the other lands of the debtor. These are the incidents of a judgment and distinguish it from a simple finding of the amount due on a mortgage."

There was no judgment rendered for the amount found due. All the court did was to recite that the cross-petitioner would be entitled to a judgment for any balance after distribution of the proceeds of sale. Of course, the amount of such balance was not, and could not be, determined at that time. If an execution should issue, it would be for an amount determined by the clerk of the court and not by the judge. This demonstrates that no judgment for money, upon which an execution may issue, has been rendered on the cross-petition of George Young, and that this case is still pending in the Common Pleas Court. A finding of the total balance due has been made, but no judgment has been rendered on that finding.

For these reasons, the order of the Common Pleas Court is affirmed insofar as it orders the recall of the execution, and reversed in all other respects.

*Judgment affirmed in part and reversed in part.*

HAMILTON, P. J., and Ross, J., concur.